SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

HANLEY CHEW (CSBN 189985)
STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

   150 Almaden Blvd, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5054
   Fax: (408) 535-5066

   email: hanley.chew@usdoj.gov
          stephanie.hinds@usdoj.gov

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. CR 07-00453 RMW |
|---|---|---|
| Plaintiff, | ) | APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE |
| v. | ) | |
| ARSHAD MADHANI, | ) | |
| Defendant. | ) | |

   The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submit this Application of the United States for Issuance of a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

   On July 17, 2007, defendant Arshad Madhani was charged by information with Title 18, United States Code, Section 2319B(a)(1) (Unauthorized Recording of Motion Pictures in a Motion Picture Exhibition; Title 17, United States Code, Sections 1202(b)(1) and 1204(a)(1) (Digital Millennium and Copyright Act Violation By Removing Copyright Management Information; and Title 18, United States Code, Section 2 (Aiding and Abetting). The indictment also sought criminal forfeiture and destruction, pursuant to Title 17, United States Code, Sections 506(b) and 509(a), of the following items:

1. BellSouth Statement
2. Gray Notebook
3. Maxtor Hard Drive S/N Y60H8LLE
4. Western Digital Hard Drive S/N WMAC1142268
5. Blue Memory Device
6. Notebook
7. Net Gear Card
8. Net Gear USB Card
9. Red MP3 Player
10. Yellow Notepad Paper
11. (5) Movie Disks
12. HP Pavilion A210N
13. Black Computer Tower

(hereinafter "subject property").

On July 30, 2007, defendant, Arshad Madhani, pled guilty to two count of the information, and agreed to forfeit to the United States, all of his right, title and interest in the subject property.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) further provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the

property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.  The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

The United States has established the requisite nexus between the subject property and the offense to which the defendant pled guilty.  Pursuant to the provisions of Title 17, United States Code, Sections 506(b) and 509(a), any and all right, title, and interest that the defendant holds in the aforesaid property is forfeitable to the United States.

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853(n), the United States will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Stephanie M. Hinds, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture which provides for the following:

   a.   authorizes the forfeiture of the subject property to the United States;

   b.   directs the United States, through its appropriate agency, to seize the forfeited property forthwith; and

| | |
|---|---|
| 1 | c. directs the United States to publish at least once for three successive weeks in a |
| 2 | newspaper of general circulation, notice of this Order, notice of the government's intent to |
| 3 | dispose of the property in such manner as the Attorney General may direct and provide notice |
| 4 | that any person, other than the defendants, having or claiming a legal interest in the property |
| 5 | must file a petition with the Court and serve a copy on government counsel within thirty (30) |
| 6 | days of the final publication of notice or of receipt of actual notice, whichever is earlier. |

Dated: 12/21/07                             Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

           /S/

HANLEY CHEW
STEPHANIE M. HINDS
Assistant United States Attorneys