JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

MARK L. KROTOSKI (CSBN 138549)
Assistant U.S. Attorney

1301 New York Avenue, Suite 600
Washington, D.C. 20530-0016
Telephone: (202) 307-6389
Facsimile: (202) 514-6113
E-Mail: Mark.Krotoski@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>     Plaintiff,                      )<br>                                     )<br>     v.                              )<br>                                     )<br> ARSHAD MADHANI,                     )<br>     aka pluged_, aka lazyman786,    )<br>                                     )<br>     Defendant.                      )<br> _____ ) | No. CR 07-00453-RMW<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM<br><br>Date: March 24, 2008<br>Time: 9:00 a.m.<br>Court: Hon. Ronald M. Whyte |

Pursuant to Criminal Local Rule 32-5(b), the government respectfully submits its sentencing memorandum concerning defendant Arshad Madhani.

The government does not object to any of the Sentencing Guideline calculations in the Presentence Report, which were also stipulated to in the plea agreement. Based on a Criminal History II, and Offense Level 13, the resulting sentence is 15 to 21 months. The government recommends the low end of the sentencing range in this case. Additionally, a mandatory special assessment of $200 and restitution in the amount of $59,973.11 should be imposed as recommended by the probation officer. Finally, the defendant has agreed to forfeit certain equipment and items seized in this case.

GOVERNMENT'S SENTENCING MEMORANDUM
CR 07-00453-RMW                        1

I.   SENTENCING GUIDELINES CALCULATIONS

The maximum penalties for the first count of conviction, Unauthorized Recording of Motion Pictures in a Motion Picture Exhibition Facility, and Aiding and Abetting, is as follows:

| | | | |
|---|---|---|---|
| a. | Maximum prison sentence | | 3 years |
| b. | Maximum fine | | $250,000 or twice the value of the property involved in the transaction, whichever is greater |
| c. | Maximum supervised release term | | 2 years |
| d. | Mandatory special assessment | | $100 |
| e. | Forfeiture | | Ordered by the Court |
| f. | Restitution | | Ordered by the Court |

The maximum penalties for the second count of conviction, Digital Millennium and Copyright Act Violation By Removing Copyright Management Information, is as follows:

| | | | |
|---|---|---|---|
| a. | Maximum prison sentence | | 5 years |
| b. | Maximum fine | | $500,000 or twice the value of the property involved in the transaction, whichever is greater |
| c. | Maximum supervised release term | | 3 years |
| d. | Mandatory special assessment | | $100 |
| e. | Forfeiture | | Ordered by the Court |
| f. | Restitution | | Ordered by the Court |

The following Sentencing Guidelines apply, which have also been adopted by the probation officer, and which were stipulated by the parties in the plea agreement:

a.   Base Offense Level (U.S.S.G. § 2B5.3(a)):        8

b.   Infringed Amount
     (U.S.S.G. §§ 2B5.3(b)(1)(G), 2B1.1
     (more than $30,000 but not more than $70,000)):   +6

|   |   |   |   |
|---|---|---|---|
| 1 | c. | Specific Offense Characteristics | |
| 2 | | i. Uploading of infringing items (U.S.S.G. § 2B5.3(b)(2)) | +2 |
| 3 | d. | Acceptance of Responsibility: If the defendant continues to meet the requirements of U.S.S.G. § 3E1.1 | -3 |
| 4 | e. | Total Adjusted Offense Level | 13 |

Based on a Criminal History II, and Offense Level 13, the resulting sentencing range is 15 to 21 months. The government submits that a sentence of imprisonment at the low end of this range appears sufficient to comply with the statutory purposes of sentencing. See 18 U.S.C. § 3553(a) (setting forth relevant sentencing factors such as seriousness of offense, just punishment, adequate deterrence, and protection of public)

Defendant Madhani participated in the warez scene for a substantial period, from May 2003 through October 2006. His warez roles included serving as (1) a "cammer" by willfully using, and directing others in the use of, audiovisual recording device (such as a camcorder) to make an unauthorized copy of a motion picture that was protected by the copyright laws; (2) an "encoder" (also sometimes referred to as "ripper" and "cracker") by circumventing the technological measures and protections of copyrighted works on the DVDs to prevent unauthorized access and copying and removing and altering copyright management information; and (3) a "racer" by trying to be among the first to obtain prerelease and new release movies before they were publicly available and posting and sharing them with others on the Internet.

His warez group, known as "HafVCD," was responsible for distributing many pre-release and new release movies and software. The defendant, and others he directed, would typically obtain an unauthorized copy of a movie in a movie theater using camcorder equipment. He then infringed the copyrights by making the audio and sound for the movies available on the warez computer network accessible to members of the public, knowing that the work was intended for commercial distribution.

After the audio and sound were obtained in the theater, and before uploading the movie on the Internet, the defendant removed copyright management information (including the title and other information identifying the copyrighted work, the name of, and other identifying

GOVERNMENT'S SENTENCING MEMORANDUM
CR 07-00453-RMW                                3

information about, the author of a work, and identifying numbers and symbols referring to the identifying information). This information was removed to induce, enable, facilitate, and conceal further reproduction and distribution of the cammed movie on the Internet. With the identifying information removed, it would be more difficult to discover our role. Once the copyright management information was removed, the defendant distributed copies of the cammed movies to others on the Internet.

The defendant was also paid for supplying prerelease movies to others on the warez site, usually through a Paypal account. Additionally, the defendant bartered and traded the cammed movies with others in exchange for other pirated works.

In October 2006, during a search warrant executed at the defendant's residence, FBI agents seized computers and other equipment which the defendant used during and in furtherance of the warez conspiracy and in violation of federal copyright laws. During a search of one hard drive, the encoding software tools used to record, modify, bypass technological copy protection, encode, and package movies was discovered on my PC, as were several movies that he was in the process, or had completed the encoding/ripping/cracking on.

## II. CONCLUSION AND RECOMMENDED SENTENCE

Based on the foregoing, the government respectfully requests that the Court sentence the defendant to a low-end 15 month term, a mandatory special assessment of $200, restitution in the amount of $59,973.11, and order forfeiture of certain equipment and items seized in this case. Finally, the defendant has waived appeal and any collateral attack in his plea agreement.

DATED: March 7, 2008            Respectfully submitted,

                                JOSEPH P. RUSSONIELLO
                                United States Attorney

                                /s/
                                _____
                                MARK L. KROTOSKI
                                Assistant United States Attorney

# CERTIFICATE OF SERVICE

<u>UNITED STATES v. ARSHAD MADHANI</u>
NO. CR 07-00453-RMW

I, Lauri Gomez, declare that I am a citizen of the United States, over the age of 18 years and not a party to the within action.

I hereby certify that a copy of the foregoing:

**I.  GOVERNMENT'S SENTENCING MEMORANDUM**

was served today ___by hand; ___by facsimile; ___by Federal Express; __**X**_by first class mailby placing a true copy of each such document(s) in a sealed envelope with postage thereon fully paid, either in a U.S. Mail mailbox or in the designated area for outgoing U.S. Mail in accordance with the normal practice of the United States Attorney's Office; ___by placing in the Public Defender's pickup box located in the Court Clerk's Office.

Jerome J. Froelich Jr.
McKenney & Froelich
Two Midtown Plaza, Suite 1250
Atlanta, Georgia 30309
Fax:   (404) 881-8040

Benjamin Flores
U.S. Probation Officer
United States Probation Office
Northern District of California
280 South First Street
San Jose, CA 95113

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed at San Jose, California

DATED: March 7, 2008

LAURI GOMEZ
Paralegal
United States Attorney's Office