UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | : | |
| | : | |
| v. | : | CASE NO. 07-00453-RMW |
| | : | |
| Arshad Madhani | : | |

**DEFENDANT MADHANI'S SENTENCING MEMORANDUM**

Comes now the Defendant, Arshad Madhani, ("Arshad"), by and through his counsel, Jerome J. Froelich Jr., and files the following sentencing memorandum.

**1.    The Legal Standards**

The Supreme Court has, over the last ten years, reviewed the Sentencing Guidelines.  In *Koon v. United States*, 518 U.S. 81 (1996), the Court found that a sentencing court could consider factors outside the "heartland" of the Sentencing Guidelines when determining a sentence.  In *United States v. Booker*, 543 U.S. 220 (2005), the Court ruled that the Sentencing Guidelines were advisory.

Now, sentencing courts can consider 18 U.S.C. 3553 (a) in its entirety and impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  In determining the particular sentence to be imposed the sentencing court should consider the following factors set forth in §3553 (a)(2);

1.    The nature and circumstances of the offense and the history and characteristics of the defendant:

2.    The need for the sentence imposed–

    a.    to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;

    b.    to afford adequate deterrence to criminal conduct;

    c.    to protect the public from further crimes of the defendant; and

    d.    to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner.

Recently, in *Gall v. United States,* 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the Court found that the reviewing court must pay great deference to the sentencing court's determination of the appropriate sentence.

**2.    Arshad's Personal Background**

Counsel believes it is important to consider Arshad's personal background when determining an appropriate sentence in this case. Arshad is 22 years old. His parents immigrated to the United States from India in 1978. Arshad has one brother, Aziz, with whom he has a very close relationship.

Arshad had a difficult childhood because his father physically abused his mother and this abuse eventually led to divorce. Attached hereto is Exhibit 1 is a

letter from Arshad's mother, Gulshaker Charania, outlining Arshad's family background and requesting mercy for her son. Because of the turmoil in his family, and his anger at his father's treatment of his mother, Arshad, as a teenager, was treated by a psychologist and eventually dropped out of high school. He returned to school and obtained his GED in 2003.

Arshad's mother married Sohail Charania in 2003. Arshad has a good relationship with his stepfather and two stepbrothers. Attached hereto as Exhibit 2 is a letter from Arshad's stepfather, Mr. Charania, in support of Arshad.

In 2004, Arshad reunited with his father, due to his father's ill health. Arshad moved into his father's home to help care for him. His father is obese, has extremely high blood pressure, and other ailments. Arshad lives and cares for his father to this day. Attached hereto as Exhibit 3 is a letter from Arshad's father, Nazrudin Madhani, in support of his son.

In September 2004, Arshad enrolled in Herzing College in Atlanta. He will graduate with a 2.91 grade average in May, 2008. Attached hereto as Exhibit 4 is a letter from Gary L. Breland, Dean of Students of Herzing College, wrote as a reference for Arshad in October 2007, stating Arshad is hardworking and a good student.

Arshad has been accepted into the MBA program at the University of

Bridgeport, and has been told he will be accepted into Herzing College's MBA upon completion of his undergraduate degree in May. Arshad would like to start Herzing's MBA program in August.

While attending college, and caring for his ill father, Arshad has held a part time job at Crime Free USA, a company which provides security devices and services for homes and businesses. Attached hereto as Exhibit 5 is a letter from James Caperton, President of Crime Free USA, in support of Arshad.

## 3.     Arshad's Charity Work

There is an old saying; "Charity begins at home". Arshad's charity does begin at his home, but also extends well beyond his home. Not only is Arshad caring for his ill father, but he has been deeply involved in charity work for quite some time.

When Arshad was applying for college two charities, for which he did volunteer work, wrote letters of recommendation for him, those letter are attached hereto as Exhibits 6 and 7.

Exhibit 6 is from Salman Molu, the Project Manager of Camp Al-Sahar, which is a camp for young children. The objective of this camp is to help children develop mentally, socially and religiously. Arshad donated 140 hours of his time to this camp.

Exhibit 7 is a letter from Priyanka Sinha, Community Outreach Coordinator for Raksha, a charity that helps youth of South Asian origin. Arshad has been very active in this charity.

Arshad's charity work continues to the present. As can be seen from the letter from Abigail Haly, Founder and CEO of Haly's Sheltering Arms Inc., Arshad has been active in this charity which provides aide to families and individuals in need. (See attached Exhibit 8) He has done volunteer work for Smart Place Adult and Children Services, which helps the mentally and physically disabled. (See attached Exhibit 9) Arshad also does volunteer work at Studio Primetime, which does promotions for various charities. (See attached Exhibit 10)

In *United States v. Decora*, 177 F 3d 676 (8th Cir. 1999), the Court affirmed the sentencing court's departure from a Level 21 to probation for a defendant convicted of an assault with a deadly weapon, where the defendant had a history of being involved in community activities, had been employed and had one semester remaining in college. *See also: United States v. Serafini*, 233 F 3d 758 (3rd Cir. 2000) (affirming the sentencing court's 3 level departure based on charitable acts); *United States v. Jones*, 158 F 3d. 492 (10th Cir. 1998) (affirming the sentencing court's 3 level departure to impose probation, in part based on the

defendant's long history of community service).

4.    **Arshad's Prior Record**

In 2003, Arshad returned to high school after dropping out because of difficulties at home.  At the time of his return, there had been numerous assaults taking place on and off the high school grounds.  Those attacks were aimed at youths like Arshad, who appeared to be of middle eastern descent.  One day, in order to protect himself, Arshad brought a battery charged stun device to school. Someone saw the device in his book bag and reported it to the school authorities. Arshad was approached by a teacher and admitted to having the device.  The school had a zero tolerance policy as to any devices on school grounds.  As a result, Arshad was placed in the Georgia First Offender Program, which he successfully completed.  As can be seen from Exhibit 11, there was no "adjudication of guilt".

In view of the above, counsel submits that Arshad's criminal history is overstated.

5.    **Related Cases**

Counsel has not reviewed the sentences of all defendants which are related to Arshad's case.  However, counsel has determined that at least 27 defendants with related charges received probation, with most receiving some period of home

confinement.   Counsel has attached as Exhibit 12 a list of those defendants.

Counsel would submit that a review of some of those sentences shows that Arshad should also receive probation.  The loss in Arshad's case is 59,973.11 and e has an Offense Level of 13, based on that amount.  Some of the other co-defendants with loss amounts greater than or similar to Arshad's and received probation, with a portion of home confinement, are as follows:

| Defendant Name | Restitution | Offense Level [1] | Sentence |
|---|---|---|---|
| Ryan Zeman | 120,000.00 | Level 17 | 3 years probation, including 4 months in community confinement. |
| Donvan Kargenian | 89,614.36 | Level 15 | 3 years probation, including 9 month home confinement |
| Daniel Van Horn | 69,756.47 | Level 13 | 3 years probation, including 9 months home confinement |
| Jonathan Stanley Golenbock | 63,699.98 | Level 13 | 3 years probation, including 6 months of home confinement |
| Nathaniel Lovell | 57,863.02 | Level 13 | 3 years probation, including 4 months home confinement |

[1] Counsel has not reviewed the Pre Sentence Reports as to these defendants, but relied on the Government's Sentence Memorandum in each case.

| Paul Aleman | 48,478.01 | Level 13 | 3 years probation, including 6 months community confinement |
| Moises Nunez | 34,615.34 | Level 13 | 3 years probation, including 10 months home confinement |
| Gregory Dickman | 31,515.50 | Level 13 | 3 years probation, including 8 months home confinement |
| Eric Rolfe | 31,203.60 | Level 13 | 3 years probation, including months of home confinement |

Counsel would note David Van Horn, who had 69,756.47 in restitution was, like Arshad, at a Level 13, with a government recommendation of the bottom of that guidelines.  (Exhibit 13)  Defendant Nunez had a Criminal History III, Level 13, which is greater than Arshad's Criminal History.  (See attached Exhibit 14)

Counsel submits to be consistent in this case the court should impose a sentence of probation, with some home confinement, as to Arshad.

## 6.    Arshad's Cooperation With The Government

Upon the FBI searching his home and business, Arshad agreed to cooperate with the government.  Shortly thereafter counsel called Assistant United States Attorney Mark Krotoski, and informed him that Arshad would cooperate with the government and enter a plea of guilty.  Arshad and counsel flew from Atlanta to

San Francisco, and Arshad was interviewed by Assistant United States Attorney Mark Krotoski and FBI Agents Andrew Myers and Julia Jolle.  He provided to the government all the information he had concerning the allegations in this case. Further, he agreed to and did plea guilty to the Information in this case.

In determining Arshad's sentence, counsel submits that the court should take into consideration that Arshad cooperated with the government.  The government has not filed a 5K motion, not because of a lack of effort on Arshad's part.  Unfortunately, though he cooperated truthfully and completely, others had already cooperated prior to Arshad being approached by the government and, therefore, the information that he provided was duplicative of what others had already provided to the government.

7.    **§ 3553 Factors**

      **A.    The Nature And Conviction Of The Offense**

This was not a violent crime, nor did it involve drugs.  Arshad became involved in the conspiracy when he had just turned 17 years old.  Arshad when approached by the government agreed to cooperate and to plead guilty, which he did.

The Guidelines in this case are governed by "loss".  As can be seen there were numerous other individuals who were responsible for losses greater than

Arshad, and received sentences of probation.

### B.    History And Character Of Arshad

As can be seen by the attached Exhibits and from the Pre Sentence Report, Arshad has overcome a difficult childhood.  There was much turmoil in his family with his father's abuse of his mother and his parents' divorce.  Then he had to adjust to a stepfather and stepbrothers.

Despite all the turmoil in his life, Arshad has managed to obtain a GED, will graduate from college in May with a 2.9 average, and has been accepted into graduate school.

Importantly, Arshad lives with and cares for his ill father.  Courts have recognized that family medical problems are circumstances which the sentencing court may consider in determining a reasonable sentence.  *United States v. Johnson*, 964 F 2d. 124, 129 (2nd Cir. 1992).   Thus, counsel would submit that the extraordinary family circumstance in this case, his father's illness, warrants a departure.

In addition, counsel submits that Arshad's long history of charity work supports a departure from the guidelines.

### C.    To Provide Just Punishment And Regard For The Law

Counsel would submit that in view of the loss amount in Arshad's case and

the sentences imposed in the related cases a just punishment would be that Arshad receive a term of probation, with some home confinement.

Arshad, despite family difficulties, has cared for his father, attended school, worked part time and done extensive charity work which demonstrates that he has a sense of responsibility and respect for the law. The conviction in this case will follow him for the remainder of his life, and counsel submits that will be a heavy punishment, and that a period of probation, wherein Arshad's actions will be monitored, and some home confinement, would be an appropriate sentence.

### D.    To Provide For Educational Needs and Medical Care

A departure that will allow for probation, even with a period of home confinement, which would allow Arshad to attend graduate school and to care for his father.

### E.    Protect The Public From Further Crimes

With Arshad cooperating with the government, his plea of guilt, and having no further difficulty with law enforcement, not even a speeding ticket, since his cooperation with the government demonstrates that Arshad will not violate the law again. A three year period of probation would also ensure that he will not violate the law.

**8.**    **Factors Supporting A Downward Departure**

Counsel submits that a reasonable sentence for Arshad in this case would be a sentence of probation that would include a period of home confinement. Counsel submits that this is a reasonable sentence for the following reasons:

1.    Arshad was not involved in a crime of violence nor was he involved in drugs.

2.    Arshad could continue caring for his ill father.

3.    Arshad is employed and allowing him to work would allow him to make restitution in this case.

4.    Arshad has been admitted to graduate school, and probation would allow him to continue his education.

5.    Arshad could continue his charitable activities.

6.    Arshad has cooperated with the government.

7.    Arshad's charitable activities are exceptional, especially for someone of his young age.

8.    Arshad is not a danger to society.

9.    Arshad is unlikely to violate the law again.

10.    He was very young, 17, when he became involved in this conspiracy.

## Conclusion

For all the above reasons, counsel submits that this Court should depart downward and place Arshad on probation, with a period of home confinement.

Respectfully submitted,

*S/Jerome J. Froelich Jr.*
Jerome J. Froelich, Jr.
Attorney for Defendant Arshad Madhani
State Bar No. 278150

McKenney & Froelich
Two Midtown Plaza, Suite 1250
1349 West Peachtree Street
Atlanta, Georgia  30309-2920
(404) 881-1111

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served correct copy of the within and foregoing with the Clerk of Court using the CM-ECF system which will automatically send e-mail notification of such filing to opposing counsel:

Mark Krotoski
Assistant United States Attorney
Computer Crime & Intellectual Property Section
United States Department of Justice Criminal Division
1301 New York Avenue, NW
Suite 600
Washington, DC 20530

Benjamin Flores
Probation Officer
District of Northern California
San Jose Division Office
Robert F. Peckham Federal Building and United States Courthouse
Suite 106
280 South First Street
San Jose, California 95113-3002

This   14<u>th</u>   day of <u>March</u> , 2008.

*S/Jerome J. Froelich Jr.*
JEROME J. FROELICH, JR.
Georgia State Bar No. 278150

McKenney & Froelich
Two Midtown Plaza, Suite 1250
1349 West Peachtree Street
Atlanta, Georgia 30309-2920
(404) 881-1111