# Exhibit 1

To: Honorable Judge White

Dear Judge White

Arshad Madhani 22 my younger son has been raised since birth to 18 by me single handedly. Dad was there till 15 but mom was the one raising him. Born in a joint family with paternal grandma, uncles & aunt and lots of cousins Arshad learnt to love, care and share and accomodate people in life at a very early age. He has been taken to church from one month old till today. He has attended religious classes at our church every week since he was 3 yrs old. Arshad was a uniformed volunteer at our church at the age of 7, and a cub scout at the age of 9. He has always been a good student accelerated reader advanced history student, excellent at computers. He was in the school chorus (performed at the Braves game & several local parks & programmes) Arshad has always been a high I.Q. child with lots of passion & perseverance in whatever he did. As a child he wished for world peace & the elimination of poverty from the world. At an early age of 14 Arshad joined Raksha a non profit organization that helps battered woman and abused children. Arshad has worked with the AKF Partnership walks to raise money for the upliftment of people in the third world. He has conducted seminars & camps for youth, both religious & social. Good leadership qualities and his loving caring nature has always made Arshad a good friend, cousin and a good citizen.

As a Son Arshad has been excellent. He has always stood by me in my difficult days of marriage, very understanding, loving & caring. When I was single he tried very hard to be the man of the house at age 15. Grown up Arshad has turned out to be a strong, mature & responsible person. He has worked hard to achieve good grades in school. At the same time, he has held a part-time job. He has also continued his charity work in the community. Most importantly, he has reconciled with his very sick father and moved to his father's house to care for him.

I know he is truly sorry for having violated the law. I know he will never violate the law again.

I ask the Court to show my son mercy and allow him to stay at his father's home, to work continue his schooling, and most importantly to care for his father.

Sincerely,

Gulshaker Madhani

GULSHAKER MADHANI

# Exhibit 2

Dear Honorable Judge White

I came to know Arshad after his parents got divorce, He was 15 yrs old but an intelligent child then his age, even though he had a trouble childhood where he was missing a fatherly figure, he was out working with RAKSHA an organization helping families with domestic issues, and he was a counselor for the kids, helping them cope with the challenges at home & outside. At the age of 16 he was the in charge for Al Sahar camp for children under 14 at the church, he has been involved in Aga khan Partnership walk organize by AKF a non profit organization, he still contributes to women cancer society every year because his paternal grandmother died of breast cancer.

When in 2003 I married Gulshaker his mother we came very close, him being so mature helps my two children Danish 18 & Jibran 16 to go thru the teenage challenges in life, he has been their for them like a big brother. He opened Net Lounge an internet gaming place in Duluth GA, with the help of his mom and all three brothers were running it while going to school maintain good grades.

Arshad has been an outstanding child all his life. Doing chores around the house, helping mom with her errands, and after our marriage taking care of his younger brothers, taking them to games, to concerts, and all kind of things a big brother does.

After this incident he his life has changed completely, he has been more serious about his education and got accepted at Bridgeport University for masters program, he will be finishing his bachelor's degree this summer. He has never been this remorseful in his entire life, and regrets that he has been involved in such a thing, now he wants to get himself educated and pursue his career in business administration in global marketing, and I am very confident that given opportunity he will prove himself.

Respectfully,

Sohail Charania

# Exhibit 3

March 13, 2008

To whom this may concern,

My son, Arshad Madhani has been living with me since February of 2004. He has been living with me to help and assist me due to my age and health conditions. On April 8th of this year I will turn 61, and have grown to depend on my son for his assistance. I currently suffer from both high blood pressure & being overweight. Additionally, in the past I have had numerous back problems and health complications due to my weight. I am currently taking Concor & Amplopin for my high blood pressure.

My son works very hard with his studies for college, and his part-time job. He takes time to help with charities and assist me at home. His assistance over the last few years has been immeasurable, and his drive to better himself through education and work are all what a father can ask for from his child. I implore you to take into consideration the above, and allow my son to return home, continue his education, and to be able to care for his father.

Sincerely,

H.S. Madhani

Nazrudin Madhani

Exhibit 4



October 23, 2007

To Whom It May Concern:

I am happy to write these extended comments concerning Arshad Madhani attesting to both his character and professionalism. I have known Arshad over the past three years during his matriculation process at Herzing College.

Mr. Madhani's personal qualities such as his tremendous work-ethic and exemplary professionalism make him well suited for managerial positions that require high-level competencies. His congeniality, acceptance of others, ability to work with a variety of personality types and deal with conflict, make him particularly effective in the professional arena.

Over the past three years, Arshad has always demonstrated stupendous dedication and commitment to academic and personal excellence. Arshad's friends regard him as a creative, assertive, and formative entrepreneur with a bright future

It is my opinion, that Arshad will be a tremendous asset to any organization. If I can be of further assistance, please feel free to contact me at (404) 816-4533 ext 130, or via e-mail: garyb@atl.herzing.edu

Sincerely,

Gary L. Breland
Dean of Students
Herzing College-Atlanta Campus

Exhibit 5

**Crime Free USA**
4907 Golden Pkwy
Buford GA 30518
770-441-3300

March 11, 2008

To whom it may concern:

We have had a college student named Arshad Madhani working for us for several months.

Arshad, just 22 years old, has been a loyal and productive employee and is presently working part time on our Sales team.

I can say that we trust Arshad and firmly believe that it would be an extremely disappointing turn of justice to put this young student in jail.

Instead of putting him in prison, send Arshad back to his friends, school and his job. American justice will be well served.

James E. Caperton
President

# Exhibit 6

402 Caswyck Trace
Alpharetta, GA 30022

September 3, 2003

Subject: Letter of Recommendation for Mr. Arshad Madhani,

To Whom It May Concern:

This letter is intended to serve as a recommendation for Arshad Madhani. I have served as the Project Manager of Camp Al-Sahar, our extensive annual three three-day camp for young children aimed to develop their intellectual, social, as well as religious values.  Over the expanse of the lengthy three month period of preparations and planning as well as the three crucial days of the camp, I have had the pleasure of working with and getting to know Arshad.

As the Project Manager of Camp Al-Sahar, I have observed Arshad's strong dedication and excellent leadership, communications, as well as teamwork skills.  For this venture, Arshad had been posted as Content Facilitator of the camp, which was one of the five leaders and organizers posts of the entire camp.  To fulfill his leadership role Arshad invested approximately 140 hours of time into Camp Al-Sahar.  His position had entailed leading activities as well as relevant discussions to link the ultimate aim of the endeavor with our social, cultural, and religious values. During the camp, I observed Arshad as being a person who has always proven to be extremely efficient and tremendously tenacious to accomplish everything he can to make certain that our sessions were successful.  Throughout the camp, he had also worked closely and efficiently with his fellow Local Project Team Members with the goal of making the overall camp a thriving triumph.  Overall, I believe that Arshad has a rare blend of steely determination, incredible self-discipline, and great teamwork skills.

One of Arshad's finest qualities, I believe, is his ability to go the extra-mile to ensure the success of everyone involved.  I enthusiastically recommend Arshad Madhani to your program, as his well-rounded personality, exceptional leadership qualities, and outstanding drive to succeed will make him a fine asset to your program.

Sincerely,

Salman (Sonny) Molu
Camp Al-Sahar Project Manager 2002

# Exhibit 7



# raksha inc.

A Non-Profit Support and Referral Network for South Asians

Tuesday, June 10th 2003

Re: Reference for Arshad Madhani

To Whom It May Concern:

As Community Outreach Coordinator and Youth Program Manager at Raksha, Inc., a non-profit advocacy, education, and referral organization for the South Asian community, I have had the opportunity of observing Arshad Madhani's committed and efficient contributions to Raksha's Youth Leadership Program. As part of this non-profit organization's support to the community we serve clients who have witnessed and/or experienced violence in the family, live in unstable situations, and/or face several social-cultural and economic challenges. As a resourceful youth leader and volunteer, Arshad has shown exemplary skills at organizing, facilitating, and motivating his peers in developing social, cultural, and academic programming for South Asian community's youth. Arshad's involvement in youth forums and activities has shown a creative team-playing attitude coupled with a unique style that puts people at ease and keeps activities focused.

As a motivated volunteer, Arshad has steered Raksha's intergenerational conference as well as a youth debate that discussed critical topics for South Asian youth as they grapple with issues of identity and success in mainstream America. Arshad's ability to solve problems, clearly articulate his own ideas, as well as facilitate group consensus is extremely refreshing and keeps us on track.

Arshad's energy, commitment, and focus have proved invaluable to Raksha's youth leadership initiatives. We are lucky to have him volunteering with us and know he will be a keen learner and an indispensable resource in all his endeavors.

Sincerely,

Priyanka Sinha
Community Outreach Coordinator

# Exhibit 8

*Haly's Sheltering Arms Inc.*
*A child never outgrows the need to be loved*

Haly's Sheltering Arms Inc.
1597 Smithson Drive
Lithonia, GA 30058
October 9, 2007

Dear Arshad Madhani:

Needy families and individuals in our community go without proper food, shelter, and essential medical care every day due to a variety of factors including low wages, job loss, injuries, illness, age, domestic violence, or divorce. While all of us are susceptible to hard times, children and the elderly are at the most risk, and they make up the largest number of clients we serve.

We would you like to thank you for helping us make a difference, and donating your time for the last five months. We need more people like you who choose to donate time, energy, and experience in a variety of areas, including food pickup and delivery, administration, home visits, individual transportation, and more.

Together, we were able to help many of these families and individuals not only to meet essential daily needs, but to work toward a brighter future with programs in job training, education, counseling, and temporary housing. As one of our trusted volunteers you should feel rewarded many times over for the help you provided in making a difference in the lives of others.

Please call us today at 678-580-2038 to find out more ways that you can help, or visit our Web site at HalysShelteringArms.org.

Thank you, and we look forward to hearing from you again!

Sincerely,

Abigail Haly
Founder/ CEO

1597 Smithson Drive
Lithonia, GA 30058

Office: (678) 580-2036
Fax: (678) 580-2942
ah.Shelteringarms@yahoo.com



# Exhibit 9



**Adult and Children Services Inc.**

March 13, 2008

To whom this may concern:

On Saturday November 17, 2007 Arshad Madhani participated in a
Volunteer Clean-Up Day held here at The Smart Place Adult and Children
Services. We are a day support facility serving adults that are mentally and
physically disabled. Arshad helped to work on a Memorial Fountain and
garden that, upon completion, will be dedicated to participants of ours that
have passed away. He stayed from 10am-3pm and worked hard during the
time he was here. Arshad has also volunteered throughout November,
working hands on with the individuals that The Smart Place services. Our
participants have grown to have a friendship and a since of appreciation with
Arshad. He is a very pleasant young man and it was a pleasure working
with him. If you need to talk to me for any reason you can reach me at 770-
469-4418.

Thanks,

Jessica James
HR Specialist

# Exhibit 10

# PRIMETIME

March 11, 2008

To whom it may Concern:

Good day...

I am writing this letter on behalf of Arshad Madhani. Mr. Madhani has been involved with our studio for the past 3 years. I consider Mr. Madhani a valuable associate and a good friend.

Over the past several years, our studio has been regularly relying on Mr. Madhani for his contribution, dedication and enthusiasm. Our studio is involved with several charities where we produce fund raising events, social gathering, as well as creating, developing and implementing fashion shows.

In addition, my studio is very active with sports recreation centers and little league organizations of which Mr. Madhani has been influential in creating solid relationships and opening up line of communication with directors.

On a personal note as previously mentioned, I consider Arshad a good friend. He is a strong person and very giving with his time and energy to both myself and my wife. I am able to rely on him in the most strenuous of times.

Should you have any questions or comments, don't hesitate to contact me.

Pleasure,


Afif M. Cherif
President & CEO
StudioPRIMETIME

---

# Exhibit 11

**DEPARTMENT OF CORRECTIONS**
**PROBATION DIVISION**

THE STATE OF GEORGIA                          DOCKET NO. 03B-2430-8

     VS.                                      COUNTY OF GWINNETT

                                                 IN THE SUPERIOR COURT

    Arshad Madhani

---

### PETITION FOR DISCHARGE OF DEFENDANT (FIRST OFFENDER ACT)

    Comes now the undersigned Diana Singletary, Probation Officer II and respectfully states to this Honorable Court that Arshad Madhani was on the 15th day of October, 2003, placed on probation with said defendant's consent under the provisions of the Act for Probation of First Offenders, (OCGA 42-8-60, et.seq.) and with further proceedings being deferred in accordance with said Act for a period of Two (2) years probation.

    THE DEFENDANT being eligible for discharge as shown by having fulfilled the terms of said probation and upon review of the Defendant's criminal record as on file with Georgia Crime Information Center (attached hereto);

    WHEREFORE, it is respectfully requested that the above named defendant be discharged under the provisions of said Act.

This 22nd day of Dec , 2005.

                   Diana Singletary, Probation Officer II
                   Gwinnett Judicial Circuit

### ORDER OF DISCHARGE

    WHEREAS the above named defendant, having been placed on probation, on the 15th day of October, 2003, for a period of Two (2) years ; in accordance with the provisions of the Probation for First Offenders Act (OCGA 42-8-60, et. seq.) without an adjudication of guilt, and....

    WHEREAS, this Court having been petitioned by the Defendant's Probation Officer and having reviewed the Defendant's criminal record showing eligibility for sentencing;

    WHEREFORE IT IS ORDERED AND DIRECTED that in accordance with the provisions of the Probation for First Offenders Act (OCGA 42-8-60, et. seq.):

    A. The defendant be discharged without court adjudication of guilt;
    B. That this discharge shall completely exonerate the defendant of any criminal purpose;
    C. That this discharge shall not affect any of said defendant's civil rights or liberties;
    D. The defendant shall not be considered to have a criminal conviction; and
    E. This discharge may not be used to disqualify a person in any application for employment or appointment to office in either the public or private sector.

    IT IS FURTHER ORDERED AND DIRECTED that the Georgia Crime Information Center be notified of this discharge in accordance with the provisions of said Act as Amended.

ORDERED THIS                         2006

                                Judge R. Timothy Hamil
                                Gwinnett Superior Court

Exhibit 12

## Defendants With Related Charges Who Received Probation

| | | | | |
|---|---|---|---|---|
| 1. | Paul Aleman | | 15. | Susan Renya |
| 2 | Stephen Bossman | | 16. | Eric Rolfe |
| 3. | Mark Carter | | 17. | Johnny Russell |
| 4. | Gregory Dickman | | 18. | Curtis Salisburg |
| 5. | Deston Evans | | 19. | Lee Ann Shortage |
| 6. | Matthew Fenz | | 20. | David Siloac |
| 7. | Jonathan Stanley Golenbock | | 21. | Kevin Smith |
| 8. | Donvan Kargenian | | 22. | Allen Soares |
| 9. | Phillip Kawg | | 23. | Philip Ross Templeton |
| 10. | Tom Leung | | 24. | Matthew Tenz |
| 11. | Nathaniel Lovell | | 25. | Matthew Thompson |
| 12. | Ray Morada | | 26. | Daniel Van Horn |
| 13. | Moises Nunez | | 27. | Ryan Zeman |
| 14. | Shaun Peterman | | | |

# Exhibit 13

1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVBN 0722)
3  Chief, Criminal Division

4  MARK L. KROTOSKI (CASBN 138549)
   Assistant United States Attorneys
5
      150 Almaden Boulevard, Suite 900
6     San Jose, California 95113
      Telephone: (408) 535-5035
7     Facsimile: (408) 535-5066
      E-mail: Mark.Krotoski@usdoj.gov
8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  UNITED STATES OF AMERICA,        )   No. CR 05-00710-RMW
                                     )
15          Plaintiff,               )   GOVERNMENT'S SENTENCING
                                     )   MEMORANDUM
16      v.                           )
                                     )   Date:  May 8, 2006
17  DANIEL VAN HORN,                 )   Time:  9:00 a.m.
        aka JW, aka gl0v3, aka sl4pp3r, )   Court: Hon. Ronald M. Whyte
18                                   )
            Defendant.               )
19  _____)

20

21          Pursuant to Criminal Local Rule 32-5(b), the government respectfully submits its

22  sentencing memorandum concerning defendant Daniel Van Horn.

23          The government does not object to any of the Sentencing Guideline calculations in the

24  Presentence Report.  Based on a Criminal History I, and Offense Level 13, the resulting

25  sentencing range is twelve to eighteen months.  The government recommends the low end of the

26  sentencing range in this case.  Additionally, a mandatory special assessment of $100 and

27  restitution in the amount of $69,756.17 should be imposed as recommended by the probation

28  officer.  Finally, the defendant has agreed to forfeit certain equipment and items seized in this

1    case.

2    I.  THE COURT SHOULD ADOPT THE GUIDELINES CALCULATIONS IN THE
        PRESENTENCE REPORT
3

4        The maximum penalties for the first count of conviction, Copyright Infringement By

5    Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C.

6    §§ 2, 2319(c)(1), are as follows:

7            a.    Maximum prison sentence          3 years
             b.    Maximum fine                     $250,000 or twice the value
8                                                   of the property involved in
                                                    the transaction, whichever is
9                                                   greater

10           c.    Maximum supervised release term   2 years

11           d.    Mandatory special assessment      $100

12           e.    Forfeiture                        Ordered by the Court by
                                                     statute
13

14       The parties stipulated in the plea agreement to the following Sentencing Guidelines,

15   which have also been adopted by the probation officer:

16           a.    Base Offense Level (U.S.S.G. § 2B5.3(a)):          8

17           b.    Specific Offense Characteristics

18                 i.    Uploading of infringing items
                         (U.S.S.G. § 2B5.3(b)(2))                     +2
19

20           c.    Infringed Amount:
                   (U.S.S.G. § 2B1.1(b)(1)(D),
21                 between $30,000 and $70,000)                       +6

22           d.    Adjusted Offense Level                             16

23           e.    Acceptance of Responsibility

24                 (U.S.S.G. § 3E1.1)                                 -3

25           f.    Adjusted Offense Level                             13

26       Based on a Criminal History I, and Offense Level 13, the resulting sentencing range is

27   twelve to eighteen months. The government recommends the low end of the sentencing range in

28   this case. The government submits that a sentence of imprisonment at the low end of this range

GOVERNMENT'S SENTENCING MEMORANDUM
CR 05-00710-RMW                          2

1    appears sufficient to comply with the statutory purposes of sentencing. <u>See</u> 18 U.S.C. § 3553(a)

2    (setting forth relevant sentencing factors such as seriousness of offense, just punishment,

3    adequate deterrence, and protection of public).[1]

4    II. <u>CONCLUSION AND RECOMMENDED SENTENCE</u>

5        Based on the foregoing, the government respectfully requests that the Court sentence

6    defendant to a low-end twelve month term, a mandatory special assessment of $100, restitution in

7    the amount of $69,756.17, and forfeiture.

8    DATED: April 28, 2006             Respectfully submitted,

9                  _____    KEVIN V. RYAN

10                                United States Attorney

11                                 /s/

12             _____    MARK L. KROTOSKI

13                                 Assistant United States Attorney

---

24       [1] The government will separately address the issue of a motion under U.S.S.G. § 5K1.1, pursuant to the terms of the plea agreement. The standard terms of the plea agreement provide: "If, in its sole and exclusive judgment, the government decides that the defendant has cooperated fully and truthfully, provided substantial assistance to law enforcement authorities within the meaning of U.S.S.G. § 5K1.1, and otherwise complied fully with this Agreement, it will file with the Court a motion under § 5K1.1 and/or 18 U.S.C. § 3553 that explains the nature and extent of the defendant's cooperation and recommends a downward departure from the guidelines range determined by the Court. "

GOVERNMENT'S SENTENCING MEMORANDUM
CR 05-00710-RMW                       3

**CERTIFICATE OF SERVICE**

UNITED STATES v. DANIEL VAN HORN

NO. CR 05-00710-RMW

I, Mimi Lam, declare that I am a citizen of the United States, over the age of 18 years and not a party to the within action.

I hereby certify that a copy of the foregoing:

**I.     GOVERNMENT'S SENTENCING MEMORANDUM**

was served today ___by hand; ___by facsimile; ___by Federal Express; _**X**_ by first class mail by placing a true copy of each such document(s) in a sealed envelope with postage thereon fully paid, either in a U.S. Mail mailbox or in the designated area for outgoing U.S. Mail in accordance with the normal practice of the United States Attorney's Office; ___ by placing in the Public Defender's pickup box located in the Court Clerk's Office.

Raymond G. Perini
Perini & Hoerger
1770 Motor Parkway, Ste 300
Hauppauge, NY 11749
FAX: 631-232-2344

Mr. J.D. Woods
U.S. Probation Officer
U.S. Probation Office
280 South First Street
San Jose, CA 95113

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed at San Jose, California

DATED: April 28, 2006

/s/
_____
MIMI LAM
Legal Assistant
United States Attorney's Office

GOVERNMENT'S SENTENCING MEMORANDUM
CR 05-00710-RMW                                    4

# Exhibit 14

KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5035
Facsimile: (408) 535-5066
E-mail: Mark.Krotoski@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-00734-RMW |
| Plaintiff, | ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | ) ) | Date:   February 5, 2007 |
| MOISES NUNEZ, | ) ) | Time:   9:00 a.m. Court: Hon. Ronald M. Whyte |
| aka cartel, aka marvel, aka OTR, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pursuant to Criminal Local Rule 32-5(b), the government respectfully submits its sentencing memorandum concerning defendant Moises Nunez.

The government does not object to any of the Sentencing Guideline calculations in the Presentence Report. Based on a Criminal History III, and Offense Level 13, the resulting sentencing range is eighteen to twenty-four months. The government recommends the low end of the sentencing range in this case. Additionally, a mandatory special assessment of $200 and restitution in the amount of $34,615.34 should be imposed as recommended by the probation officer. Finally, the defendant has agreed to forfeit certain equipment and items seized in this case.

GOVERNMENT'S SENTENCING MEMORANDUM
CR 05-00734-RMW                                             1

I.   THE COURT SHOULD ADOPT THE GUIDELINES CALCULATIONS IN THE
     <u>PRESENTENCE REPORT</u>

The maximum penalties for the first count of conviction, Conspiracy to Commit Criminal

Copyright Infringement By Electronic Means, in violation of 18 U.S.C. § 371, are as follows:

| | | |
|---|---|---|
| a. | Maximum prison sentence | 5 years |
| b. | Maximum fine | $250,000 or twice the value of the property involved in the transaction, whichever is greater |
| c. | Maximum supervised release term | 3 years |
| d. | Mandatory special assessment | $100 |

The maximum penalties for the second count of conviction, Copyright Infringement By

Electronic Means and Aiding and Abetting, in violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C.

§§ 2, 2319(c)(1), are as follows:

| | | |
|---|---|---|
| a. | Maximum prison sentence | 3 years |
| b. | Maximum fine | $250,000 or twice the value of the property involved in the transaction, whichever is greater |
| c. | Maximum supervised release term | 2 years |
| d. | Mandatory special assessment | $100 |
| e. | Forfeiture | Ordered by the Court by statute |

The *following Sentencing Guidelines apply, which have also been adopted by the

probation officer:

| | | |
|---|---|---|
| a. | Base Offense Level (U.S.S.G. § 2B5.3(a)): | 8 |
| b. | Specific Offense Characteristics | |
| | i.   Uploading of infringing items (U.S.S.G. § 2B5.3(b)(2)) | +2 |
| c. | Infringed Amount (U.S.S.G. §§ 2B5.3(b)(1)(D), 2B1.1 (not more than $120,000)): | +6 |

GOVERNMENT'S SENTENCING MEMORANDUM
CR 05-00734-RMW                                        2

| | | |
|---|---|---|
| d. | Adjusted Offense Level | 16 |
| e. | Acceptance of Responsibility (U.S.S.G. § 3E1.1) | -3 |
| f. | Adjusted Offense Level | 13 |

Based on a Criminal History III, and Offense Level 13, the resulting sentencing range is twenty-four to thirty months. The government recommends the low end of the sentencing range in this case. The government submits that a sentence of imprisonment at the low end of this range appears sufficient to comply with the statutory purposes of sentencing. See 18 U.S.C. § 3553(a) (setting forth relevant sentencing factors such as seriousness of offense, just punishment, adequate deterrence, and protection of public).[1]

During November 2004 to July 2005, defendant Nunez was one of the more active members of the "warez conspiracy." For example, during the period from January 7, 2005 to March 16, 2005, he logged into the undercover warez CHUD server approximately 1,200 times from one IP address, and during March 17, 2005 to April 8, 2005, approximately 350 times from another IP address. See PSR 22.

Defendant Nunez served as a leech user of the warez server CHUD and a ratio user of the warez server VS.[2] He sold pirated movies to others for about $3 each. PSR 24. Investigators learned that defendant Nunez was an active member of a number of other warez groups,

---

[1] The government will separately address the issue of a motion under U.S.S.G. § 5K1.1, pursuant to the terms of the plea agreement. The standard terms of the plea agreement provide: "If, in its sole and exclusive judgment, the government decides that the defendant has cooperated fully and truthfully, provided substantial assistance to law enforcement authorities within the meaning of U.S.S.G. § 5K1.1, and otherwise complied fully with this Agreement, it will file with the Court a motion under § 5K1.1 and/or 18 U.S.C. § 3553 that explains the nature and extent of the defendant's cooperation and recommends a downward departure from the guidelines range determined by the Court."

[2] "Leech" access refers to warez members who were permitted site access based on friendship, not group affiliation. "Ratio" access refers to warez members who were required to fulfill a contribution requirement in order to download copyrighted works (the most common ratio is one upload to three downloads, permitting the warez member to download pirated material under a one to three ratio).

GOVERNMENT'S SENTENCING MEMORANDUM
CR 05-00734-RMW                                    3

including PEEPSHOW (a DVDR release group), Paranoid (a Sony Playstation II and Microsoft XBOX) and Centropy (a VCD telesync, telecine, and DVDR group). Additionally, investigators learned that defendant Nunez was responsible for encoding movies that he or his group receives or records.

III. CONCLUSION AND RECOMMENDED SENTENCE

Based on the foregoing, the government respectfully requests that the Court sentence defendant to a low-end eighteen month term, a mandatory special assessment of $200, restitution in the amount of $34,615.54, and enter a final order of forfeiture. Finally, the defendant waived appeal and any collateral attack in his plea agreement.

DATED: January 27, 2007                    Respectfully submitted,

                                           KEVIN V. RYAN
                                           United States Attorney

                                                 /s/


                                           MARK L. KROTOSKI
                                           Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM
CR 05-00734-RMW                          4

## CERTIFICATE OF SERVICE

### UNITED STATES v. MOISES NUNEZ

NO. CR 05-00734-RMW

I, Katherine Huynh, declare that I am a citizen of the United States, over the age of 18 years and not a party to the within action.

I hereby certify that a copy of the foregoing:

**I.    GOVERNMENT'S SENTENCING MEMORANDUM**

was served today ___by hand; ___by facsimile; ___by Federal Express; __X_by first class mailby placing a true copy of each such document(s) in a sealed envelope with postage thereon fully paid, either in a U.S. Mail mailbox or in the designated area for outgoing U.S. Mail in accordance with the normal practice of the United States Attorney's Office; ___by placing in the Public Defender's pickup box located in the Court Clerk's Office.

Benjamin Flores
U.S. Probation Officer
United States Probation Office
Northern District of California
280 South First Street
San Jose, CA 95113

Jerry Fong, Esq.
Carey & Carey
P O Box 1040
Palo Alto, CA 94302-1040

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed at San Jose, California

DATED: January 29, 2007

/s/

_____
KATHERINE HUYNH
Legal Assistant
United States Attorney's Office